SWIFT and Another *v.* HETFIELD.

Proceeding under s. 207, c. 30, R. S. 1843, to establish a claim against an estate.   A bill of particulars of the claim was filed in the Probate Court and the administrator appeared to answer to the claim.   A submission in writing was filed, pursuant to the statute, signed by the attorneys of the parties respectively, which, after stating the names of the parties and the venue, *Franklin* county, stated that it was agreed between the

Nov. Term,
1853.

SWIFT
v.
HETFIELD.

plaintiff and the administrator to make an amicable suit of the case, waiving the issuing and service of process and a formal declaration; and to submit the matters in dispute to the Probate Court of said county on the account filed. On this submission there was a trial and the plaintiffs recovered a judgment. *Held,* that the judgment should not be reversed on the ground that there was a trial without an issue.

*Saturday,*
*December* 31.

ERROR to the *Franklin* Circuit Court.

PERKINS, J.—This case originated in the *Franklin* Probate Court, wherein, at the *March* term, 1850, *Samuel* and *John Swift* filed a bill of particulars of an account amounting to 3,424 dollars and 18 cents, which they claimed as due from the estate of *Barnett McCombs,* deceased, on which estate *William Hetfield* was administrator. *Hetfield* appeared to answer to the claim.

The proceedings in the case were had under section 207, p. 524, of the R. S. of 1843, which reads as follows:

" The executor or administrator, and any claimant of any debt or demand against the estate of the deceased, may agree in writing to submit the same, or any matter in controversy touching the same, to the summary decision of the Probate Court; and such Court may hear and determine the same, and adjudge costs, as in actions against administrators; and the judgment of the Court shall be as valid and effectual, in all respects, as if the same had been rendered in a suit commenced by ordinary process."

Pursuant to this provision a submission in writing was filed in the cause, which we copy:

" State of *Indiana, Franklin* county, ss. *John* and *Samuel Swift* v. *William Hetfield,* administrator of *Barnett McCombs,* deceased. Amicable suit on account filed.

" It is agreed by and between said plaintiffs and said *Hetfield,* who, it is admitted, is the administrator of the estate of *Barnett McCombs,* deceased, to make an amicable suit of the above case, waiving the issue and service of process and a formal declaration, and to submit the matters in dispute in said case to the Probate Court of said county on the account filed. *George Holland,* At-

torney for plaintiffs.  *Matson* and *Farquhar*, Attorneys for defendant."

Nov. Term, 1853.

SWIFT
v.
HETFIELD.

On this submission, the Court heard the evidence and arguments of counsel, and found for the plaintiffs the sum of 1,510 dollars and 12 cents.

The defendant, *Hetfield*, prosecuted a writ of error to the *Franklin* Circuit Court, and that Court reversed the judgment of the Probate Court, on the ground that there had been a trial in said Court without an issue, no plea having been put in by the defendant.  Upon that decision of the Circuit Court a writ of error was prosecuted to the Supreme Court.

In many of the courts in the *United States* it is decided that where a party goes to trial without the pleadings necessary to form an issue being filed, and the cause is fully heard on such trial, the issue shall be considered as waived, and the judgment not reversible for the want thereof; and this may probably be the better practice.

But this Court has too frequently held, to permit it now to change the line of decision on the point (as it forms a mere rule of practice,) that in ordinary suits at law a trial without an issue is erroneous.

The case before us, however, differs from those in which the rulings of this Court above mentioned occurred, in two particulars:

1. It was submitted to the Probate Court for trial upon an agreed case which disclosed, not, it is true, with the highest degree of certainty, but with reasonable precision, the question which the Court was to try, viz., the correctness of the amount claimed from the estate of *McCombs*, deceased.   The case of *Crist* v. *Crist*, 8 Blackf. 574, might seem, from the abridged report of it, to have been one not different, but precisely like the present.  It was submitted in the Court below upon an agreed case, no plea having been filed to the declaration, and the judgment in it was reversed in the superior Court because it was tried without an issue.  But in that case, the agreed statement upon which the submission was made did not disclose the points in dispute and the questions the Court

was to try. Had it, the decision in the case in the Supreme Court would have been different.

In the case before us, as we have said, such disclosure is made; and the only object, in any case, in extending special pleading to an issue, being to evolve the exact questions for trial, it may be considered that an issue, according to the principles of pleading, was substantially formed for trial in the case.

2. This proceeding was under an express statutory enactment which does not seem to contemplate that there should be formal pleadings. The enactment assumes that a person is claiming payment of a demand against an estate which the executor or administrator denies to be just and refuses to pay; and it authorizes the submission of said claim to the Court for proof, because the executor or administrator does so deny and refuse. But for the refusal of the executor or administrator to pay, there would be no need of resorting to the Court for the purpose of making proof. This very refusal, therefore, operates like the general issue in a suit, and throws the burden of proving the claim upon the asserter of it, as effectually as though such issue were formally joined; and further, the statutory provision seems to require, where a case is submitted to the Court under it, that the issue or question to be tried should be stated by the parties in the agreed case in writing, instead of being raised by pleadings. It says, they "may agree in writing to submit the same [the claim or demand] or any matter in controversy touching the same, to the summary decision of the Court," &c.

This clearly means that the agreement in writing shall contain a statement of the precise matter or point the Court is to determine, and hence a series of pleadings to evolve that matter or point would be superfluous.

The point for trial having been stated in the agreed case in the present instance, the statute was complied with.

We think the Court erred in reversing the judgment of the Probate Court for the cause assigned; and the judg-

ment of the Circuit Court making the reversal must be reversed, and the cause remanded for further proceedings in accordance with this opinion.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*G. Holland,* for the plaintiffs.

*J. Ryman,* for the defendant.